## John Richardson *v.* The State.

1. Murder — Charge of the Court. — Murder is distinguishable from every other species of homicide by the absence of circumstances which reduce the offence to negligent homicide or manslaughter, or which excuse or justify the homicide; and hence the law does not impose upon the defendant the burden of proving the circumstances or facts which extenuate, justify, or excuse the act, and a charge to that effect is erroneous.

2. Manslaughter. — Voluntary homicide, committed under the influence of sudden passion, arising from an adequate cause, but neither justified nor excused by law, constitutes manslaughter.

3. Justifiable Homicide. — A killing under any of the circumstances enumerated in subdivision 4 of chap. 11, title 14, of the Penal Code becomes homicide in defence of person or property, and is denominated in law justifiable homicide, and proof establishing such homicide entitles the accused to an acquittal.

4. Burden of Proof. — In none of the cases indicated is the burden of proof on the defendant. See the opinion *in extenso* for an elaboration of this principle.

5. Evidence. — In any of the cases enumerated, the proof to convict is to be found in the evidence adduced on the trial, without reference to the party by whom it is produced, or whether drawn out by the cross-examination or otherwise.

6. CHARGE OF THE COURT. — It is incumbent on the court to charge the law of the case as developed by the evidence, and the charge should be framed with reference to the whole evidence adduced on the trial.

7. SAME. — See the opinion for state of case wherein the court erred in refusing to charge that "if the deceased used insulting words or conduct towards a female relative of the defendant at the place of the killing, this would constitute a sufficient adequate cause to reduce the offence from murder to manslaughter, if defendant be guilty of any offence."

8. MURDER — EVIDENCE. — Proof that the examining court refused the accused bail is incompetent and inadmissible.

9. PRACTICE. — See the opinion for suggestions to judges and district and county attorneys with reference to the latitude counsel should be allowed in argument.

10. SPECIAL VENIRE — SERVICE. — While the better practice is that the return of the sheriff on the *venire facias* should show the diligence used, this court cannot presume that the sheriff's return, to the effect that he was unable to find the jurors not summoned, is untrue.

APPEAL from the District Court of Smith.  Tried below before the Hon. J. C. ROBERTSON.

The indictment was for the murder of Michael Seay, in Smith County, August 7, 1873.  This is the second appeal from a judgment of conviction, the first being of murder in the first degree with the death-penalty assessed, and the present of murder in the second degree with the penalty assessed at thirty years in the penitentiary.  The evidence adduced on this last trial is substantially the same as that adduced on the first, and reported in 7 Texas Ct. App. 486.

*N. W. Finlay*, for the appellant.  The court erred in overruling the motion to quash the special *venire*.  Code Cr. Proc., art. 614 ; 7 Texas Ct. App. 486.

It was error to permit the testimony of S. T. Newton, over objection.  He was asked by the district attorney if he was present at the examining trial of the defendant, and he stated that he was ; and he was then asked what was done with him, and what was the action of the committing magistrate.  To this the defendant's counsel objected, because it would tend only to prejudice the case of the defendant.

The court permitted the question, and the witness testified that the defendant was committed without bail and sent to jail. This evidence could not have thrown any light upon the issue before the jury, and was only calculated to prejudice their minds. It was simply laying before them the opinion of the magistrate, after an investigation of the evidence, that the defendant was guilty; and what importance they may have attached to it, it is impossible to know. The fact that other persons have investigated the evidence of a particular case, and come to the conclusion that the party charged is guilty, has considerable weight on the human mind in a subsequent investigation of the same matter. A person who has formed a conclusion of the guilt or innocence of the defendant from hearing the opinion of others is a disqualified juror, and upon what principle would it be admissible to introduce the judgment or opinion of the committing magistrate to aid the jury in coming to a conclusion? We submit that this was a grave error.

It was error to permit, over objection, the district attorney to comment upon the fact that the defendant had not introduced William Richardson on the stand as a witness.

The district attorney, in his speech to the jury, stated that the defendant had summoned William Richardson, who was present when the killing took place, but that he did not dare to put him on the stand as a witness. The defendant's counsel called the attention of the court to the argument as unfair, and requested that the district attorney be caused to forbear such criticism; but the court declined to interfere, and the defendant's counsel excepted.

In the first place, this argument was unfair because it was calculated to prejudice the jury by making them believe that we had held a witness back who knew all about the matter, for the reason that his testimony would show the guilt of the defendant. As we understand the law, the jury were called upon to decide the case upon the evidence that was actually before them, not upon what the district

attorney supposed would have been the testimony of a witness not placed upon the stand.

It was unfair, in the second place, for the reason that there was no evidence whatever that William Richardson was present when the killing occurred, and the statement that he was was calculated to make them believe a fact not proven.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   On the trial below, the presiding judge, after having given an elaborate charge on murder generally, and on the two degrees of murder, express and implied malice, manslaughter, and justifiable homicide in self-defence and in defence of family and habitation, gave to the jury the following charge : " You are further instructed that the law is, that on the trial of any criminal charge, when the facts have been proved which constitute the offence, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the act.   If the State has proved to your satisfaction, beyond a reasonable doubt, by legal evidence, every constituent of murder in the first degree, murder in the second degree, or manslaughter, then, under the law, whatever of justification or excuse the defendant may have, it devolves on him to establish the facts and circumstances which constitute the same."

This instruction was erroneous.   There may be, and doubtless are, cases in which such a charge would be proper, but this is not such a case.   In the very definition of the offence the crime of murder is distinguishable from every other species of homicide by the absence of the circumstances which reduce the offence to negligent homicide or manslaughter, or which excuse or justify the homicide.   Hence the law does not devolve upon the defendant the burden of proving the circumstances or facts which justify or excuse the act.   In the absence of proof of mitigation, excuse, or

justification, the verdict would be murder of one or the other degree, on proof of a voluntary homicide. A conviction for manslaughter would follow on proof of a voluntary homicide committed under the influence of sudden passion arising from an adequate cause, but neither justified nor excused by law. Penal Code, art. 593. But if it turned out on the trial that the homicide occurred under any of the circumstances enumerated in that portion of the Penal Code embraced in the chapter on justifiable homicide, subdivision 4, which relates to defence of person or property, and on proof of a killing under any of the circumstances therein enumerated, the homicide would, under the law, be justifiable homicide, and the accused entitled to an acquittal. But in none of these instances does the law require that the *onus* is upon the defendant. If the proof on the part of the prosecution falls short of the demands of the law, to whatever extent it so fails the failure enures to the benefit of the defendant. For example, if the proof fails to establish a killing on express malice, the accused could not rightfully be convicted of murder of the first degree. If the proof failed to show a malicious killing, or a killing under circumstances where the law implies malice from the proof, a conviction of murder in the second degree would be unwarranted. If the proof showed a voluntary killing under the immediate influence of sudden passion arising from an adequate cause, and such a killing as is neither excused nor justified by law, such a killing would be manslaughter. But if the proof showed a killing or a homicide committed under any of the causes which by law excuse or justify the act of killing, in such a case the accused has not violated the law in any punishable sense, and is entitled to be acquitted. In any of these senses the proof, in order to convict, is to be found in the *evidence adduced on the trial*, whether introduced by the State or the defendant, or by cross-examination of the witnesses for the prosecution, or in whatever manner the evidence gets before the court. It is always the

duty of the court to instruct the jury as to the law of the case as developed by the evidence on the trial, but in a case like the present it is not proper to charge the jury that the evidence must come from the one party or the other. The charge should be framed with reference to the whole evidence, which forms the basis for both the charge of the court and the finding of the jury. In this connection, and apparently with a view of correcting an erroneous construction, counsel for the defendant requested the court to instruct the jury that " the burden of proving the defendant guilty is on the State, and the burden of proof at no stage of the trial shifts upon the defendant." With reference to the facts of this case, this instruction was appropriate and should have been given in lieu of the one copied at length above, or both should have been omitted. The charge given as with reference to the facts was erroneous, and calculated to mislead the jury in a proper consideration of the evidence.

The charge of the court on manslaughter was defective in one particular, which counsel for the defendant attempted to correct by requesting the following instruction : " The jury are instructed that if the deceased used insulting words or conduct towards a female relation of the defendant at the place of the killing, this would constitute a sufficient adequate cause to reduce the offence from murder to manslaughter, if defendant be guilty of any offence." The court refused this instruction, on the ground, as stated by the judge, that, in his opinion, there was no evidence to authorize it.

In view of the evidence of the State's witnesses Alf Tucker and Sarah Tucker, and that of the defendant's witness Emily Johnson, and in view of the further fact that the State depended entirely on circumstantial evidence and the statements of the defendant, in the nature of admissions of his guilt, as made to the witnesses, we are clearly of opinion the charge asked should have been given, in con-

nection with other portions of the charge explaining the causes which would reduce a voluntary homicide from murder to manslaughter, and in view of the further fact that the law declares that "insulting words or conduct of the person killed, towards a female relation of the party guilty of the homicide, is deemed, in law, adequate cause for the sudden passion of the slayer, to reduce a voluntary killing from murder to manslaughter." Penal Code, art. 597, cl. 4. Other charges were requested by the defendant's counsel, which were refused by the court. Further than as above stated, we are of the opinion the charges refused were either covered by the general charge or not strictly correct in law, and there was no error in the action of the court with reference to them.

It is shown by bill of exceptions that the district attorney was permitted to prove, over objection by the defendant, that an examining court had refused bail to the defendant, and had committed him to jail. This testimony was clearly inadmissible, and should not have gone to the jury. The judge, it is true, withdrew its consideration from the jury by a special charge, which was perhaps the best that could then have been done. In our opinion, the rights of the defendant would have been better protected by refusing to permit the evidence to go to the jury at all, it being inadmissible, than by endeavoring to control its effect by a charge.

It appears by another bill of exceptions that, in the argument of the case, the district attorney stated that the defendant had summoned a man who was present when the killing took place, but had not dared to put him on the stand, when the defendant's counsel objected, saying that such comment was improper, and requested the court to interpose and cause the counsel to forbear such criticism ; which the court declined to do, for reasons stated in the bill. We see nothing in this matter, as here stated, especially deserving criticism, and only mention it for the purpose of calling attention to the fact that it is not infrequent,

of late, that our attention is called, by records before us for examination, to what appears to be a growing fault in the conduct of trials in the District and County Courts, in regard to the proper latitude permitted counsel in argument, and a corresponding laxity on the part of judges on the subject of proper decorum in court. Such matters as these, if permitted to go unchecked, must necessarily result in serious consequences, tending to bring the administration of the law into contempt, and to permit the lawless and the violent to overawe the court; for which attorneys and courts will be to blame, and the judges will be held in some degree accountable.

We are unable to see that the ruling of the court on the defendant's motion to quash the *venire* tended to deprive the defendant of a fair jury for his trial. This case is not materially different, so far as the number of persons served is concerned, from that decided on the former appeal. 7 Texas Ct. App. 486. In the absence of any sufficient showing to the contrary, we must presume that the return of the sheriff was true — to wit, that he was unable to find the jurors not summoned. We would not be warranted in presuming the sheriff had made a false return, he being a sworn officer. We think, however, that the better practice would be for the return to state the diligence and the cause of failure to make the service.

For error in the charge of the court, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*